



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Bradley J. Mullins
Partner
(310) 312-3232 Phone
bym@msk.com

September 10, 2025
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: **Music and Entertainment Rights Licensing Independent Network Limited v. Triller Group Inc., et al.., 1:25-cv-02560 (JAV); Letter Motion for Leave to File Redacted Documents**

Dear Judge Vargas:

We are counsel for plaintiff Music and Entertainment Rights Licensing Independent Network Limited ("Merlin") in the above-referenced action. In accordance with Section 10.c of Your Honor's Individual Rules, the Court's Standing Order 19-mc-00583, and ECF Rules & Instructions Section 6, we respectfully submit this letter to request that the Court grant leave to file redacted versions of certain documents filed in connection with Merlin's Motion for Default Judgment, including, in particular, the Memorandum of Law in Support of Default Judgment and the Declaration of Ryan McWhinnie. These documents contain confidential and sensitive financial and business information, which is subject to a confidentiality agreement between the parties. This information could cause competitive damage to either or both parties if disclosed publicly.

Merlin seeks leave to have very limited portions of these two documents filed under seal because they contain information about Merlin's licensing practices, including but not limited to dollar amounts and specific licensing terms. Courts "routinely permit parties to redact sensitive financial information" from public filings. *Graczyk v. Verizon Commc'ns, Inc.,* No. 1 8-CV-6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (collecting cases); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.,* 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (concluding that material concerning party's costs should remain under seal); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606,614 (S.D.N.Y. 1998) (sealing information regarding the "rates charged and incentives offered" due to the economic harm its release could cause). Similarly, "Courts in this District also routinely seal documents to prevent the disclosure of confidential business information." *News Corp. v. CB Neptune Holdings, LLC*, No. 21 Civ. 04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (collecting cases); *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500 (GHW), 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("[C]onfidential 'commercial information' of a business . . . has been recognized repeatedly as a proper subject for sealing.") (citation omitted).

2049 Century Park East 18th Floor, Los Angeles, CA 90067
Phone: (301) 312-2000 Fax: (310) 312-3100 Website: WWW.MSK.COM

2049 Century Park East 18th Floor, Los Angeles, CA 90067
Phone: (301) 312-2000 Fax: (310) 312-3100 Website: WWW.MSK.COM



September 10, 2025
Letter Motion for Leave to File Redacted Documents
Page 2

For the reasons stated above, Merlin seeks leave to file redacted versions of the Memorandum of Law in Support of Default Judgment and the Declaration of Ryan McWhinnie, with very limited redactions. Merlin's proposed redactions to these documents are highlighted on the versions submitted in connection with this Letter Motion for Leave to File Redacted Documents.

Respectfully submitted,

Bradley J. Mullins

<span style="color:blue">Plaintiff seeks to redact information regarding the method of calculation used to determine an incremental payment due under the Most Favored Nation Clause pursuant to a Recorded Music License Agreement between the parties. (Dkt. Nos. 18–19). Plaintiff states that disclosure of this information "could cause competitive damage to either or both parties if disclosed publicly." (Dkt. No. 18). The request to keep under seal the unredacted Memorandum of Law in Support of Plaintiff's Motion for Default Judgment at Dkt. No. 19 and Declaration of Ryan McWhinnie in Support of Motion for Default Judgment at Dkt. No. 19-1 is granted.

There exists a strong public right of access to judicial documents under both common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); I*n re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017). Courts must balance the "'presumption of access against competing comparisons, including the privacy interests of those resisting disclosure.'" *News Corp. v. CB Neptune Holdings, LLC*, No. 21 Civ. 04610 (VSB), 2021 WL 3409663, at *1 (S.D.N.Y. Aug. 4, 2021) (quoting *GoSMiLE, Inc. v. Dr. Jonathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011)). "Competitively-sensitive information should be protected against public disclosure if the disclosure would cause significant and irreparable competitive injury." *Id.* "Courts in this District also routinely seal documents to prevent the disclosure of confidential business information." *Id.* at *2 (collecting cases); *see also Spin Master, Ltd. v. Aomore-US*, No. 23 Civ. 7099 (DEH), 2024 WL 3250815, at *2 (S.D.N.Y. June 28, 2024) ("'[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.' Competing considerations may include the protection of 'sensitive business information,' the release of which could cause a litigant 'competitive harm.'" (first quoting *Lugosch*, 435 F.3d at 124; and then quoting *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022))).

The Court finds that the proposed redactions in Dkt. Nos. 19 and 19-1 are narrowly tailored to protect competitive business information and that Plaintiff's interest in maintaining the confidentiality of the redacted portions of the filings regarding that business information outweighs the presumption of full public access to the judicial documents in which that information is contained. *See Kewazinga Corp. v. Microsoft Corp.*, 18 Civ. 4500 (GHW), 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("'[C]onfidential "commercial information" of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing.'"). However, should the redacted information be found to bear upon a determination of damages or should Judge Vargas find that the redacted information bears upon the adjudication of the parties' substantive rights, Plaintiff may be required to submit supplemental support for continued sealing. The Clerk of Court is respectfully directed to maintain Dkt. No. 19 under seal. SO ORDERED.

Dated: New York, New York
       October 10, 2025</span>

Gary Stein
United States Magistrate Judge
Southern District of New York